IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HARLEY S. BRIDGEMAN, JR.,

       Plaintiff,                  No. 2:10-cv-01457 JAM KJN PS

     v.

UNITED STATES OF AMERICA, et al.,

       Defendants.           <u>ORDER</u>

_____/

       This order addresses the state of the pleadings in this action and, specifically, attempts to clarify for the parties and the record: (1) which of the four complaints filed by plaintiff constitutes the operative complaint, and (2) which motions to dismiss will be heard by the court. This order will also set a new hearing date with respect to the pending motions to dismiss.

       On June 14, 2010, plaintiff filed his original complaint in this action. (Dkt. No. 1.) Subsequently, defendants T.D. Service Company ("T.D. Service Co.") and Fremont Bank ("Fremont Bank") filed separate motions to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. Nos. 13, 17.)

       In response to T.D. Service Co.'s and Fremont Bank's respective motions to dismiss, and prior to the hearing and resolution of those motions, plaintiff filed, on July 28, 2010,

a First Amended Complaint. (Dkt. No. 20.) Plaintiff properly filed his First Amended Complaint as a matter of right pursuant to Federal Rule of Civil Procedure 15(a)(1)(B).[1] T.D. Service Co. moved to dismiss the First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 21.) Defendants Fremont Bank and Federal National Mortgage Association also moved to dismiss the First Amended Complaint pursuant to Rule 12(b)(6). (Dkt. No. 25.) In the interest of judicial economy, the court re-set the hearings on those motions to dismiss for October 7, 2010, with the intention of hearing those motions together. (Dkt. No. 26.) Meanwhile, defendant United States of America (the "United States") filed an answer to the First Amended Complaint. (Dkt. No. 24.)

On September 9, 2010, plaintiff filed a "Second First Amended Complaint" in this matter, which the undersigned will refer to as the Second Amended Complaint. (Dkt. No. 27.) The court's docket does not indicate that plaintiff sought the other parties' written consent or leave to amend from the court, as required by Federal Rule of Civil Procedure 15(a)(2). Nevertheless, T.D. Service Co. filed a motion to dismiss the Second Amended Complaint pursuant to Rule 12(b)(6), and the United States filed an answer to the Second Amended

---

[1] Federal Rule of Civil Procedure 15(a) provides, in relevant part:

**(a) Amendments Before Trial.**

> *(1) Amending as a Matter of Course.* A party may amend its pleading once as a matter of course within:
>
> > **(A)** 21 days after serving it, or
> >
> > **(B)** if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> *(2) Other Amendments.* In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

2

1  Complaint.  (Dkt. Nos. 29, 31.)

2            On September 21, 2010, plaintiff filed a "Third First Amended Complaint," which

3  the undersigned will refer to as the Third Amended Complaint.  (Dkt. No. 32.)  Again, the court's

4  docket does not indicate that plaintiff sought the other parties' written consent or leave to amend

5  from the court.

6            Curiously, on September 21, 2010, plaintiff filed a written opposition to T.D.

7  Service Co.'s motion to dismiss plaintiff's *First* Amended Complaint.  (Dkt. No. 33.)  Then, on

8  September 23, 2010, T.D. Service Co. filed a motion to dismiss plaintiff's Third Amended

9  Complaint pursuant to Rule 12(b)(6).  (Dkt. No. 44.)  Fremont Bank, Federal National Mortgage

10  Association, and the United States have not responded to the Third Amended Complaint.

11            On September 29, 2010, plaintiff filed a document entitled "Plaintiff's Objection

12  to Assertions of Second Or Third Amended Complaint."  (Dkt. No. 46.)  In that submission,

13  plaintiff states the following:

14        This notice is to inform that plaintiff objects to any party that has asserted a SECOND or THIRD AMENDED COMPLAINT made by plaintiff

15        because plaintiff has not filed a SECOND or THIRD AMENDED COMPLAINT up to this date for this case.

16

17  (Id.)  Plaintiff's statement is contradicted by the court's docket in this case.[2]  It appears that

18  plaintiff may believe that his "Second First Amended Complaint" and "Third First Amended

19  Complaint" were not attempts to amend his pleading.  It is uncertain what purpose those later-

20  filed pleadings serve other than to serve as amended pleadings.

21            In any event, plaintiff exhausted his single amendment as a matter of right when

22  he filed his First Amended Complaint.  Plaintiff filed his Second Amended Complaint and Third

23

24     [2] On September 29, 2010, plaintiff also filed a Notice of Related Case, which references a separate unlawful detainer action filed by Federal National Mortgage Association in El Dorado

25  County Superior Court, which plaintiff removed to this court.  (Dkt. No. 48 (referring to Fed. National Mortgage Ass'n v. Bridgeman, 2:10-cv-2619 LKK EFB PS).)

26

Amended Complaint without first seeking leave of court to do so, and nothing on the court's docket indicates that plaintiff sought or obtained defendants' written consent to file those amended pleadings.  Accordingly, plaintiff's Second Amended Complaint and Third Amended Complaint were improperly filed and are of no legal effect, and the court will strike those pleadings pursuant to Federal Rule of Civil Procedure 12(f)(1) and the court's inherent power.  In any event, it does not appear that plaintiff wishes to pursue his Second Amended Complaint or Third Amended Complaint in light of his recently filed "objection."

Presently, the First Amended Complaint (Dkt. No. 20) serves as the operative complaint in this matter.  The United States has filed an answer to the First Amended Complaint (Dkt. No. 24) and the remaining defendants have filed motions to dismiss the First Amended Complaint (Dkt. Nos. 21, 25).  The court will hold a hearing on the motions to dismiss plaintiff's First Amended Complaint on November 18, 2010.  Plaintiff shall file a written opposition or statement of non-opposition to the pending motions to dismiss consistent with the timing requirements of Eastern District Local Rule 230(c).  Defendants T.D. Service Co., Fremont Bank, and Federal National Mortgage Association shall file reply briefs, if so desired, in accordance with Eastern District Local Rule 230(d).

In light of the fact that leave to amend is, as a general matter, to be freely given by the court, nothing in this order precludes plaintiff from filing a motion for leave to amend the First Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2) if he so desires.  However, if it appears that plaintiff has filed such a motion for leave to amend simply as a means of delaying resolution of the pending motions to dismiss his First Amended Complaint, the court will consider such motivations in resolving any motion for leave to amend.

For the foregoing reasons, IT IS HEREBY ORDERED that:

1.     Plaintiff's Second Amended Complaint (Dkt. No. 27) is stricken.  Defendant T.D. Service Company's motion to dismiss the Second Amended Complaint will be

disregarded, and defendant Unites States of America's answer to the Second Amended Complaint (Dkt. No. 31) is stricken.

2. Plaintiff's Third Amended Complaint (Dkt. No. 32) is stricken. Defendant T.D. Service Company's motion to dismiss the Third Amended Complaint will be disregarded.

3. The hearings in this matter presently set for the following dates are vacated: October 7, 2010, and November 4, 2010.

4. A hearing on the motions to dismiss plaintiff's First Amended Complaint shall be held before the undersigned on November 18, 2010, at 10:00 a.m., in Courtroom 25. Plaintiff is referred to Eastern District Local Rule 230(c) with respect to the requirements of filing a written opposition or statement of non-opposition regarding the pending motions.

5. If plaintiff wishes to file an amended pleading, he must file a properly noticed motion for leave to file an amended complaint pursuant to Federal Rule of Civil Procedure 15(a)(2).

IT IS SO ORDERED.

DATED: October 1, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE